IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

| | |
|---|---|
| JAMAL BERTRAND, *et al.*, | Civil Action No. 9:14-CV-1456 (GTS/DEP) (LEAD CASE) |
| Plaintiffs, | |
| v. | |
| CRAIG DEMMON, *et al.*, | |
| Defendants. | |

_____

| | |
|---|---|
| JAMEL WEAVER, *et al.*, | Civil Action No. 9:15-CV-0403 (GTS/DEP) (MEMBER CASE) |
| v. | |
| CRAIG DEMMON, *et al.*, | |
| Defendants. | |

_____

| | |
|---|---|
| SHANE GORDON, *et al.*, | Civil Action No. 9:15-CV-1233 (GTS/DEP) (MEMBER CASE) |
| v. | |
| CRAIG DEMMON, *et al.*, | |
| Defendants. | |

_____

_____

JONATHAN HINES                          Civil Action No.
                                        9:16-CV-0061 (GTS/DEP)
    v.                  (MEMBER CASE)

CRAIG DEMMON, *et al.*,

    Defendants.

_____

FOR PLAINTIFFS:

LAW OFFICES OF ELMER R. KEACH          ELMER R. KEACH, III, ESQ.
One Pine West Plaza – Suite 109         MARIA K. DYSON, ESQ.
Albany, NY 12205

FOR DEFENDANTS:

HON. ERIC T. SCHNEIDERMAN              TIMOTHY P. MULVEY, ESQ.
New York State Attorney General         Assistant Attorney General
The Capitol
Albany, NY 12224

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

## REPORT AND RECOMMENDATION

These consolidated actions were commenced by the plaintiffs, pursuant to 42 U.S.C. § 1983, against various corrections officers employed at the correctional facility in which they were confined as prison inmates at the relevant times. One of the plaintiffs, Damien Bruce, has failed to submit to a Rule 35 physical examination and appear for a

2

deposition, both of which were to have been scheduled based upon an agreement between counsel in the action. Defendants have alleged, and plaintiffs' counsel acknowledges, that plaintiff Bruce has been uncooperative in communicating with his attorney, has absconded from his community supervision by the New York State Department of Corrections and Community Supervision ("DOCCS"), and his current whereabouts are unknown. In light of these circumstances, defendants' have moved for dismissal of the claims asserted by plaintiff Bruce. For the reasons set forth below, I recommend that the motion be granted.

I.  BACKGROUND

This action was commenced on December 2, 2014, by plaintiffs Jamal Bertrand, Laqwan Thompson, Rashid Evans, and Alexander Santos, Jr., against seven named individuals employed at Bare Hill Correctional Facility, a DOCCS prison facility located in Malone, New York, as well as four unidentified "John Does." Dkt. No. 1. On April 3, 2015, a second, related action was commenced by plaintiffs Jamel Weaver, Davon Jackson, and Damien Bruce against the same defendants. *Bertrand v. Demmon*, No. 15-CV-0403, Dkt. No. 1 (N.D.N.Y. filed Apr. 3, 2015). On November 12, 2015, the court consolidated that second action with the first. *See id.*, Dkt. No. 9.

During conferences conducted by the court in connection with these consolidated actions, defendants made known their intention to conduct physical examinations of the plaintiffs pursuant to Rule 35 of the Federal Rules of Civil Procedure and to schedule their depositions. Dkt. No. 15-1 at 2. By agreement of counsel, most of the plaintiffs in these consolidated actions have now submitted to Rule 35 examinations and have been deposed *Id.* at 3.

When attempting to schedule plaintiff Bruce's deposition and Rule 35 examination, defendants' attorney was advised that plaintiff Bruce is not cooperating with his attorneys in connection with the prosecution of this action, and that he is either unwilling or unable to submit to either a deposition or a Rule 35 physical examination. Dkt. No. 15-1 at 5. Defendants' counsel subsequently learned, through a publicly available website, that plaintiff Bruce was released from DOCCS custody to community supervision on February 20, 2015, and that his community supervision status was listed as "absconded." *Id.* In light of these circumstances, the parties have been unable to arrange for either plaintiff Bruce's deposition or his Rule 35 examination, and defendants have

4

moved for dismissal of all the claims asserted by plaintiff Bruce for failure to prosecute.[1] Dkt. No. 15.

## II. DISCUSSION

Plaintiff's inaction in this case implicates Rule 41(b) of the Federal Rules of Civil Procedure, which provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute the action or to comply with any order of the court. Fed. R. Civ. P. 41(b); *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014); *Rodriguez v. Goord*, No. 04-CV-0358, 2007 WL 4246443, at *2 (N.D.N.Y. Nov. 27, 2007) (Scullin, J. *adopting report and recommendation by* Lowe, M.J.). That discretion should be exercised when necessary to "achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *see also Baptiste*, 768 F.3d at 216-17 (reiterating that dismissals pursuant to Rule 41(b) "are 'the harshest of sanctions'" (quoting *Mitchell v. Lyons Prof. Servs., Inc.*, 708 F.3d 463, 467 (2d Cir. 2013)).

---

[1] Defendants' motion also seeks sanctions against plaintiff Bertrand for failing to attend a scheduled deposition. Dkt. No. 15. I denied that request on March 30, 2016, in an on-the-record telephone conference held in connection with defendants' motion. *See* Text Minute Entry Dated Mar. 30, 2016. I indicated, however, that this written report and recommendation would follow granting defendants' request for dismissal of plaintiff Bruce's claims. *Id.*

5

A determination of whether to dismiss an action for pursuant to Rule 41(b) involves consideration of five specific factors, including (1) the duration of plaintiff's failure to comply with court orders; (2) whether plaintiff was on notice that failure to comply would result in dismissal; (3) whether defendant is likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal. *Baptiste*, 768 F.3d at 216; *see also Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 193 (2d Cir. 1999) (applying factors in a failure to prosecute action); *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (applying factors where a party failed to comply with order of court). "No single factor is generally dispositive." *Nita v. Conn. Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994).

In deciding defendants' motion, I have carefully evaluated the five factors considered by the Second Circuit and conclude they weigh decidedly in favor of dismissing the action. Plaintiff Bruce's counsel has taken no position with respect to defendants' motion to dismiss, and, according to plaintiff's attorney, family members have advised plaintiff that his failure to participate in the prosecution of this action would result in its

dismissal. Dkt. No. 18 at 7-8. The fact that plaintiff Bruce has absconded from parole supervision and is failing to cooperate with his counsel suggests that any sanction short of dismissal would be futile. *See, e.g., Hyun B. Eun v. All Am. Recycle Ctr.*, No. 10-CV-4710, 2012 WL 1230099, at *2 (E.D.N.Y. Mar. 19, 2012) (dismissing the plaintiff's action pursuant to Rule 41 because, *inter alia*, he had failed to communicate with his counsel or the court in several months). Accordingly, I recommend that plaintiff Bruce's claims in these consolidated actions be dismissed for failure to prosecute.

III. <u>SUMMARY AND RECOMMENDATION</u>

Plaintiff Bruce has absconded from parole supervision, and his whereabouts are unknown to the court and the parties' counsel. In addition, plaintiff Bruce has failed to cooperate with his attorney and, as a consequence, neither his deposition nor a Rule 35 physical examination has been scheduled. Based upon these circumstances, it is hereby respectfully

RECOMMENDED that defendants' motion to dismiss all claims asserted by plaintiff Damien Bruce in *Weaver v. Demmon*, No. 15-CV-0403 (N.D.N.Y. filed Apr. 3, 2015), (Dkt. No. 15-7) be GRANTED and that those claims be DISMISSED.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report. FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.

Dated:    April 11, 2016
          Syracuse, New York

_____
David E. Peebles
U.S. Magistrate Judge