UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JAMES BERTRAND, *et al.*,

        Plaintiffs,        9:14-CV-1456 (GTS/DEP)
                                       (LEAD CASE)

v.

CRAIG DEMMON, *et al.*,

        Defendants.
_____

JAMEL WEAVER, *et al.*,

        Plaintiffs,        9:15-CV-0403 (GTS/DEP)
                                       (MEMBER CASE)

v.

CRAIG DEMMON, *et al.*,

        Defendants.
_____

SHANE GORDON, *et al.*,

        Plaintiffs,        9:15-CV-1233 (GTS/DEP)
                                       (MEMBER CASE)

v.

CRAIG DEMMON, *et al.*,

        Defendants.
_____

JONATHAN HINES, *et al.*,

        Plaintiffs,        9:16-CV-0061 (GTS/DEP)
                                       (MEMBER CASE)

v.

CRAIG DEMMON, *et al.*,

        Defendants.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| LAW OFFICES OF ELMER R. KEACH<br>  Plaintiffs, *Pro Se*<br>One Pine West Plaza, Suite 109<br>Albany, New York 12205 | ELMER R. KEACH, III, ESQ.<br>MARIA K. DYSON, ESQ. |
| HON. ERIC T. SCHNEIDERMAN<br>Attorney General for the State of New York<br>  Counsel for Defendants<br>The Capitol<br>Albany, New York 12224 | TIMOTHY P. MULVEY, ESQ.<br>Assistant Attorney General |

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

Currently before the Court, in these consolidated prisoner civil rights actions filed by the above-captioned Plaintiffs against the above-captioned individuals employed by the New York State Department of Corrections and Community Supervision at Bare Hill Correctional Facility in Malone, New York ("Defendants"), are (1) Defendants' motion to dismiss Plaintiff Damien Bruce's claims in *Waver v. Demmon*, 15-CV-0403 (N.D.N.Y. filed Apr. 3, 2015), pursuant to Fed. R. Civ. P. 41(b), and (2) United States Magistrate Judge David E. Peebles' Report-Recommendation recommending that Defendants' motion be granted and Plaintiff Damien Bruce's claims be dismissed. (Dkt. Nos. 15, 37.) None of the parties have filed objections to the Report-Recommendation, and the deadline by which to do so has expired. (*See generally* Docket Sheet.) After carefully reviewing the relevant papers herein, including Magistrate Judge Peebles' thorough Report-Recommendation, the Court can find no clear-error in the Report-Recommendation.[1] Magistrate Judge Peebles employed the proper standards, accurately recited

---

[1] When no objection is made to a report-recommendation, the Court subjects that report-recommendation to only a clear error review. Fed. R. Civ. P. 72(b), Advisory Committee

the facts, and reasonably applied the law to those facts. As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons set forth therein. To those reasons, the Court adds only that (1) the duration of Damien Bruce's failure to prosecute is at least fourteen months (having started, at the latest, when he was released from custody on February 20, 2015),[2] (2) Damien Bruce was on notice that failure to comply would result in dismissal, (3) Defendants are likely to be prejudiced by further delay in the proceedings,[3] and (4) the Court's interest in managing its congested docket outweighs Damien Bruce's interest in receiving a further chance to be heard with regard to his claims.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Peebles' Report-Recommendation (Dkt. No. 37) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

---

Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*; *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks omitted).

[2] *See* N.D.N.Y. L.R. 41.2(a) ("[P]laintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution."); *Georgiadis v. First Boston Corp.*, 167 F.R.D. 24, 25 (S.D.N.Y. 1996) (finding delay of four months to be sufficient).

[3] More specifically, the Court finds that, given the age of the case and number of events giving rise to Plaintiff Damien Bruce's claims, a further delay may well affect witnesses' memories, the ability to locate witnesses (who might retire from, or be transferred within, the New York State Department of Corrections and Community Supervision), and the preservation of evidence. *See Geordiadis*, 167 F.R.D. at 25 ("The passage of time always threatens difficulty as memories fade. Given the age of this case, that problem probably is severe already. The additional delay that plaintiff has caused here can only make matters worse.").

**ORDERED** that Defendants' motion to dismiss Plaintiff Damien Bruce's claims pursuant to Fed. R. Civ. P. 41(b) (Dkt. No. 15) is **GRANTED**; and it is further

**ORDERED** that Plaintiff Damien Bruce's claims in *Waver v. Demmon*, 15-CV-0403 (N.D.N.Y. filed Apr. 3, 2015), are **DISMISSED**.

Dated: May 13, 2016
      Syracuse, New York

_____
HON. GLENN T. SUDDABY
Chief United States District Judge